## Commonwealth *v.* Hartman, Appellant.

*Criminal law—Appeals—Refusal of new trial—Discretion of trial court.*

The appellate court will not reverse the trial court because of a refusal of a new trial in a criminal case, unless the court below has been guilty of a clear abuse of discretion.

Argued Oct. 3, 1916. Appeal, No. 52, Oct. T., 1916, by defendant, from judgment of Q. S. Lancaster Co., Sept. T., 1915, No. 63, on verdict of guilty in case of Commonwealth v. Thomas E. Hartman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for arson. Before HASSLER, J.

The jury returned a verdict of guilty against both Hartman and Stoy.

A motion for a new trial made by Hartman, HASSLER, J., filed the following opinion:

This defendant was tried and convicted on an indictment charging him with setting fire to his house for the purpose of defrauding an insurance company. In the reasons for a new trial the only one urged is that William Bachman, an important witness against him, made statements before the trial to the effect that he would testify falsely at the trial for the purpose of getting even with Fred Stoy, who was tried with the defendant, for aiding and assisting him in the commission of the

offense. It is also urged that the said Bachman is unworthy of belief, because since the trial he made an affidavit in which he says that Fred Stoy is innocent of the offense, and that he did not see him at the Hartman property, which directly contradicts his testimony on the trial. We have this day granted a new trial to Stoy, for these reasons but they do not apply to this defendant.

It is well settled that in order to obtain a new trial on the ground of after-discovered evidence, the evidence must do more than impeach the credibility of a witness. That is all that the statement alleged to have been made by Bachman before the trial does. An affidavit made since its trial does not deny or contradict William Bachman's testimony at the trial, so far as the defendant is concerned. It exonerates Stoy, but is silent as to Hartman. In Stoy's case there was nothing to connect him with the commission of the offense except the testimony of William Bachman. In the case of this defendant there are many circumstances showing the defendant's guilt, in fact we think sufficient to convict him even though the testimony of William Bachman is thrown out of the case entirely.

The defendant owned the house. It was set on fire at, or shortly after, midnight on April 5, 1915. The carpets, furniture and floor were well saturated with coal oil. The defendant was away from the house all evening, arriving home a few minutes after twelve o'clock. A few minutes after that he called up a neighbor, John Otto, who first discovered the fire. The defendant then went half a square away to the house of Eugene Gates, and half a square further to the house of Fred Stoy, to get them to help to put out the fire at his house. When all returned Otto had the fire out, though the defendant says it afterwards started up on the stairs. It was only after the defendant's return to his house that a call was sent in for the Fire Department. The defendant had the house and contents insured, each for $1,000, and after-

wards made claim on the insurance company for the damages to his property to the amount of over $400. He subsequently withdrew it, stating he intended to make a heavier claim for something over $500. William Bachman testifies he saw him pour coal oil on the house and set it on fire, and heard his conversation with Fred Stoy about what they were doing. It is true the after-discovered evidence shows that William Bachman did state he would send both this defendant and Stoy to jail if he had to lie to do so, but he stated at the time that he was doing it to get even with Stoy, and not from any feeling against this defendant. It is true he since made affidavit that he did not see Stoy at the place at the time of the fire, so that he could not have heard the conversations between him and the defendant, but he does not withdraw any of his testimony of having seen Hartman pour coal oil on his house and set it on fire. As we have said there is, in our opinion, sufficient testimony to justify a verdict of guilty in this case without the testimony of William Bachman, so that there is nothing to justify us in disturbing the verdict of the jury. We, therefore, discharged the rule for a new trial.

The court in an opinion by HASSLER, J., granted Stoy a new trial. The opinion is as follows:

The defendant was convicted on an indictment charging him with having aided and assisted one Thomas Hartman is setting fire to his house for the purpose of defrauding an insurance company. At the trial there was no testimony whatever connecting the defendant with the commission of the offense except that of William Bachman. He testified that while in the stable, where he had been sleeping for several weeks, and which is located on the lot where the house of Thomas Hartman was situated, he saw the defendant aid and assist said Hartman to set fire to his house, and heard the conversation between them showing what they were doing.

Among the reasons for a new trial is one which al-

leges that William Bachman prior to the trial stated to several persons that the defendant had put him to jail for horse stealing, and in order to get even with him he would put them both to jail if he had to lie to do so, and that he was also promised a reward if he testified against them. This allegation was supported by the depositions of Arthur and Elmer Hutton. Arthur Hutton says that on August 28, 1915, William Bachman told him substantially what is stated above, and Elmer E. Hutton says he told it to him on September 15, 1915, in the court house during the week the case was being tried. William Bachman denies in his deposition that he did tell either of these witnesses what they testified to.

Another reason is that on September 28, 1915, after the trial, William Bachman made affidavit before Alderman Moser of this city that his evidence against Stoy at the trial was false, and that Stoy was not on the premises on the night of the fire. In the depositions it appears that he went to the alderman's office and made the following affidavit: "Lancaster, Pa. September 25, 1915. This is to certify that I, William Bachman, do solemnly declare and swear that Frederick Stoe is innocent of the setting fire of the Thomas Hartman property, as I did not see Mr. Stoe near the premises at the time the fire was started nor before, as I have never seen Mr. Fred Stoe around the Hartman property at No. 130 Old Dorwart street. Signed, William Bachman. Sworn to and subscribed before me, the 25th day of September, 1915. Conrad Moser, Alderman. Commission expires December 1, 1915." Alderman Moser testifies that William Bachman came to his office alone, but was soon followed by Mrs. Stoy, wife of the defendant; that he told him to write what he stated, and in reply to the alderman's question he several times declared that what was written was true. He was perfectly sober. William Bachman denies that he told Alderman Moser anything. He says that Mrs. Stoy took him to the alderman's office and paid him $70; that he did sign his name to a paper, but

he was "beastly drunk" when he did it.   He also testified that what he said at the trial was true.

It is well settled that after-discovered testimony to obtain a new trial must be discovered since the trial, and that it could not have been obtained at the trial by the use of reasonable diligence.   It must not be simply corroborative or cumulative, or merely to impeach the credibility of a witness, and it must be such as would likely result in a different verdict if heard at a new trial.   The testimony here does not meet all of these requirements. It only impeaches the credibility of a witness, though it would likely produce a different verdict if a new trial was granted.   If there was any testimony other than that of the witness, William Bachman, connecting the defendant with the offense, or any circumstance corroborating him, or from which the defendant's guilt could reasonably be inferred, we would have no hesitancy in refusing a new trial.   Courts, however, must see that no injustice is done to those who are tried before them, and to this end large powers of discretion are given to them.   This has been the rule in this State for many years.   In Boyd v. Boyd, 1 Watts. 365, Justice ROGERS says: "A motion for a new trial is an application to the sound discretion of the court and is not governed by the strict technical rules applicable to a writ of error, and in this respect this mode of review, which is made with a knowledge of all the testimony, is supposed to have a decided advantage."   In Burd v. Dansdale, 2 Bin. 79, Justice TILGHMAN says: "As to motions for new trials, they are often founded, not upon strict laws, but upon equitable circumstances, in which much is left to the discretion of the judge."

We feel that it would not be just to permit the conviction of the defendant to stand on the uncorroborated testimony of a witness such as the testimony shows William Bachman to be, unless the jury, after knowing all the circumstances that had been discovered, or has occurred since the trial, shall so decide.   His feeling

against the defendant, his statement to at least two witnesses that he would lie in his testimony to get even with him, and his making affidavit, when, as a disinterested and reputable witness says, he was perfectly sober, that his testimony as to the defendant was false, are circumstances that we think would lead a jury to place little confidence in his credibility. We, therefore, make absolute the rule for a new trial in his case.

*Error assigned* was in refusing a new trial.

*John E. Malone,* for appellant.

*Charles W. Eaby,* with him *Cleon N. Berntheizel* and *Sumner V. Hosterman,* for appellee.

OPINION BY ORLADY, P. J., December 18, 1916:

The only error alleged on this appeal is, that the court below erred in not granting the defendant a new trial. He was found guilty of wilfully setting fire to his dwelling house, with intent to defraud an insurance company. One Fred. Stoy was separately indicted for having aided and assisted this defendant in the commission of the offense. By consent of counsel, the two defendants, were tried at the same time, and by the same jury. A verdict of guilty was returned as to each. After a careful examination of the testimony adduced at the trial, supplemented by additional evidence, a new trial was granted as to Stoy, and refused as to Hartman.

The grounds for this conclusion are set out at length in an opinion filed by the trial judge. The principal reason urged by the appellant is that the testimony of a named witness was given undue weight, but after consideration of the whole record, we agree with the trial judge, "that there are many circumstances showing the defendant's guilt; sufficient to convict him, even if the testimony of the named witness is thrown out of the case entirely." There is no such abuse of discretion shown, as

would warrant a reversal of the finding of the trial judge.

The judgment is affirmed, and it is ordered that the defendant, the appellant, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, that had not been performed at the time this appeal was made a supersedeas.

DISSENTING OPINION BY WILLIAMS, J., December 18, 1916:

I regret that I cannot agree with either the reasons or the conclusion of the majority opinion.

The facts are that since the trial, Stoy, one of the two defendants, convicted upon the testimony of William Bachman who since the trial presents himself as a confessed perjurer, is granted, while the other, Hartman, is refused, a new trial.

The charge of the court to the jury says (after reciting Hartman was the owner of real and personal property which he had insured; that coal oil was found sprinkled on the floor and stairs and that the property had been partly burned): "Whether he set fire to it or not depends largely upon the testimony of William Bachman." The court then recites the testimony of Bachman and says: "Now that is the testimony upon which you must depend to find whether or not Hartman did set fire to these premises."

Subsequently William Bachman made an affidavit that he had perjured himself so far as Stoy was concerned. Upon a deposition he says he was paid to make the affidavit and that he was drunk when he made it.

The court in its opinion granting a new trial to Stoy says: "At the trial there was no testimony whatever connecting the defendant with the commission of the offense except that of William Bachman." In the opinion refusing the new trial to Hartman the court says: "It is also urged that the said Bachman is unworthy of belief, because since the trial he made an affidavit in which he

says that Fred Stoy is innocent of the offense, and that he did not see him at the Hartman property, which directly contradicts its testimony on the trial. We have this day granted a new trial to Stoy, for these reasons, but they do not apply to this defendant." The court says, speaking of the Bachman affidavit: "It exonerates Stoy, but is silent as to Hartman. In Stoy's case there was nothing to connect him with the commission of the offense except the testimony of William Bachman. In the case of the defendant there are many circumstances showing the defendant's guilt, in fact we think sufficient to convict him even though the testimony of William Bachman is thrown out of the case entirely."

Let us turn back to the charge of the court to the jury to ascertain the "many circumstances showing the defendant's guilt." "The defendant owned the house. It was set on fire at or shortly after, midnight on April 5, 1915. The carpets, furniture and floor were saturated with coal oil. The defendant was away from the house all evening, arriving home a few minutes after twelve o'clock. A few minutes after that he called up a neighbor, John Otto, who first discovered the fire. The defendant then went half a square away to the house of Eugene Gates, and half a square further to the house of Fred Stoy, to get them to help to put out the fire at his house. When all returned Otto had the fire out, though the defendant says it afterwards started up on the stairs. It was only after the defendant's return to his house that a call was sent in for the fire department. The defendant had the house and contents insured, each for $1,000, and afterwards made claim on the insurance company for the damages to his property to the amount of over $400. He subsequently withdrew it, stating he intended to make a claim for something over $500."

The entire superstructure in the conviction of Hartman is founded upon the testimony of William Bachman, so says the court in its charge. There is a new trial granted Stoy because the conviction was only made pos-

sible if the jury believed the testimony of a self-confessed
perjurer. If this is so—that it warrants a new trial as
to Stoy, why does it not also warrant a new trial as to
Hartman? As the court practically charged the jury
that Hartman's guilt depended upon the testimony of
Bachman, whose veracity was not at that time ques-
tioned, it might well be said that the jury did believe
Bachman and upon his testimony convicted the defend-
ant. In view, however, of the Bachman affidavit as to
Stoy and the subsequent deposition, a serious doubt
arises as to the probative value of Bachman's testimony.
A new question is thus presented; it is stronger than
after-discovered evidence; it questions the very foun-
dation of the Commonwealth's case, for without the
Bachman testimony, under the charge, there could be no
conviction. The confession that the witness perjured
himself shows that his testimony is incredible; and is
equivalent to new testimony which attacks the very basis
of the conviction. The case is analogous to one in which
the testimony as to the fact decisive of the question in-
volved is subsequently found to be absolutely untrue.

The court below said certain facts and circumstances
warranted a conviction even if Bachman's testimony was
eliminated. The majority opinion is based upon the
same thought. In doing this it is forgotten that the jury
must be convinced of the guilt of the defendant beyond
a reasonable doubt; that no matter how weak may be
the defense still the jury must pass upon it; and that it
is not within the province of the court to determine ques-
tions of fact. Whether the jury would have convicted
without Bachman's testimony is not a question for the
court to assume or to decide; it is a question to be an-
swered by the jury itself.

It is not alone Bachman's credibility that is attacked,
but also his testimony. The opinion of the court below,
granting a new trial to Stoy well expresses what should
have been said as to Hartman: "We feel that it would
not be just to permit the conviction of the defendant to

stand on the uncorroborated testimony of a witness, such as the testimony shows William Bachman to be, unless the jury, after knowing all the circumstances that had been discovered or had occurred since the trial, shall so decide."

As there are now new material facts bearing upon the issue, the court in assuming to pass upon them usurped the functions of the jury, and in doing this there was a clear abuse of discretion.

The judgment should be reversed and a new trial granted. Judges KEPHART and TREXLER concur in the dissenting opinion.